IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CEMEX DE PUERTO RICO, INC.,**
    **Plaintiff,**

    v.

**DUCTOR, INC., ANCHOR STONE COMPANY, INC.,**
    **Defendants.**

**Civil Action No. 09-2254 (GAG)**

## MEMORANDUM OPINION AND ORDER

Cemex De Puerto Rico ("Plaintiff") commenced this action against Ductor Inc. ("Ductor"), and Anchor Stone Company, Inc. ("Anchor") (collectively "Defendants") seeking damages for alleged breaches of contract and tortious conduct arising out of an assignment contract for the operation of a quarry in Juncos. Anchor moved to dismiss the amended complaint (Docket No. 29). Ductor answered the amended complaint (Docket No. 24), alleging a counterclaim against Plaintiff for monies owed for the use and transportation of mining equipment presently in Plaintiff's possession. Plaintiff filed a motion to dismiss Ductor's counterclaim (Docket No. 30). Presently before the court are both motions to dismiss (Docket Nos. 29, 30). After a thorough review of the pleadings and pertinent law, the court **DENIES** both motions to dismiss (Docket Nos. 29, 30).

**I.**    **Anchor's Motion to Dismiss**

On February 8, 2010, Plaintiff filed a verified amended complaint (Docket No. 17). The amended complaint included allegations against Anchor for its role in Ductor's alleged failure to comply with its duties under the terms of the assignment contract. The complaint alleges that Anchor, either through its actions in operating the quarry or through its partnership with Ductor in their joint venture to operate the quarry, implicitly accepted the terms of the assignment agreement and is therefore jointly liable for all damages incurred by Plaintiff as a result of Ductor's failure to comply with the terms of the contract. Anchor moved to dismiss the claims against it, averring that

**Civil No. 09-2254(GAG)**                                                                2

it bears no liability for Ductor's failure to comply with its contractual obligations. Anchor alleges that Plaintiff's amended complaint fails to plead the existence of any duty of Anchor to comply with the terms of the contract between Plaintiff and Ductor.

The court finds, that contrary to Anchor's allegation, Plaintiff has alleged sufficient grounds to hold Anchor jointly liable for its alleged damages. Plaintiff has proffered facts alleging that Anchor implicitly accepted the terms of the contract either through its operation of the quarry or through its partnership agreement with Ductor to operate the quarry. These allegations are sufficient to establish Anchor's duty to comply with the terms of the agreement in its operation of the quarry.

Under Puerto Rico law, a party may tacitly enter into an agreement through implied consent. The determining element of this implied consent is the person's conduct. See Teachers Annuity v. Soc. de Gananciales, 115 D.P.R. 277, 15 P.R. Offic. Trans. 372 (1984). Plaintiff alleges that Anchor consented to the terms of the contract by beginning operation of the quarry around April, 2008. According to the operating contract, entered into by Plaintiff and Ductor, the operator was obligated to produce certain volumes and sell the product to plaintiff at a specified price. The operator was also required to reimburse Plaintiff for certain expenses. Anchor allegedly breached these contractual obligations by failing to reach the contracted-for production volumes and failing to reimburse Plaintiff. These allegation, when viewed in the light most favorable to Plaintiff, sufficiently allege the existence of a contractual duty which Anchor allegedly breached through its failure to comply with the terms of the agreement.

Plaintiff alternatively pleads that Anchor is implicitly bound by the terms of the assignment contract because of its partnership with Ductor. Plaintiff alleges that Anchor entered a partnership with Ductor for the purpose of operating the quarry. Plaintiff avers that this relationship is sufficient to hold Anchor jointly liable for its failure to comply with the terms of the agreement entered into by Ductor for operation of the quarry. Plaintiff's alternative allegations are sufficient to create a legally recognizable duty in Anchor to comply with the terms and conditions of the assignment contract. See P.R. Laws Ann. tit. 31, § 4357 ("All the partners shall be considered agents, and whatever any one of them may do by himself shall bind the partnership").

**Civil No. 09-2254(GAG)**   3

Plaintiff also pleads, that in the absence of a recognizable contract between the appearing parties, defendant Anchor is tortiously liable for its acts or omissions which resulted in Plaintiff's damages. Plaintiff alleges that it has suffered economic damages as a result of Anchor's negligent operation of the quarry. Plaintiff further alleges that Anchor has been unjustly enriched by its refusal to reimburse Plaintiff for expenses paid by Plaintiff. Plaintiff claims, that as a result of Anchor's bad-faith negotiations, it was induced into bearing the initial costs of the operation, under the misinformed belief that it would be reimbursed. The court finds that these allegations are sufficient to satisfy the broad pleading requirements under Article 1802. See P.R. Laws Ann. tit. 31, § 5141; Munoz Rivera v. Walgreens Co., 428 F. Supp. 2d 11, 33 (D.P.R. 2006) ("In order to establish a cause of action under Article 1802, a plaintiff has to satisfy the following three elements: (1) an act or omission constituting fault or negligence; (2) a clear and palpable damage; and (3) a legally sufficient causal relationship between defendant's tortuous conduct and the injuries sustained by plaintiff.").

As Plaintiff has sufficiently pled its three causes of action, the court **DENIES** Anchor's motion to dismiss the claims against it.

**II.     Plaintiff's Motion to Dismiss Ductor's Counterclaim**

Plaintiff also moves to dismiss Ductor's counterclaim, alleging that Ductor has failed to satisfactorily plead any obligation owed by Plaintiff to reimburse Ductor for provided services and goods. In its counterclaim, Ductor alleges that during the course of negotiations it supplied Plaintiff with equipment and services that Plaintiff has failed to pay for. Ductor further alleges that Plaintiff has retained this equipment and continues to use it.

Viewing Ductor's allegations in the light most favorable to it, Ductor has alleged sufficient facts to state a claim under a quasi-contractual theory of unjust enrichment. In order to sufficiently plead an unjust enrichment, the following requirements must be present: 1) the existence of an enrichment; 2) a correlative loss; 3) a nexus between the loss and the enrichment; 4) a lack of cause for the enrichment; and 5) the absence of a legal precept excluding the application of enrichment

**Civil No. 09-2254(GAG)**                                            4

without cause." <u>Hatton v. Mun. de Ponce</u>, 134 D.P.R. 1001 (1994). Ductor has sufficiently alleged each of these required elements. Therefore, the court likewise **DENIES** Plaintiff's motion to dismiss Ductor's counterclaim.

**SO ORDERED.**

    In San Juan, Puerto Rico this 26th day of April, 2010.

                                               *s/ Gustavo A. Gelpí*

                                               GUSTAVO A. GELPI
                                              United States District Judge